Aaron L. Agenbroad (State Bar No. 242613)
JONES DAY
555 California Street, 26th Floor
San Francisco, CA  94104
Telephone:  +1.415.626.3939
Facsimile:  +1.415.875.5700
Email:  alagenbroad@JonesDay.com

Cindi L. Ritchey (State Bar No. 216899)
Koree Blyleven (State Bar No. 294489)
JONES DAY
4655 Executive Drive, Suite 1500
San Diego, CA  92121
Telephone:  +1.858.314.1200
Facsimile:  +1.858.314.1150
Email:  critchey@jonesday.com
        kblyleven@jonesday.com

Attorneys for Defendant
THE NEIMAN MARCUS GROUP LLC and
NEIMAN MARCUS GROUP LTD LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| ONDREA ROCES and SOPHIA AHMED, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE NEIMAN MARCUS GROUP, LTD, LLC; and THE NEIMAN MARCUS GROUP, LLC,<br><br>Defendants. | **CASE NO. 18-cv-221**<br><br>Assigned for all purposes to:<br><br>**NEIMAN MARCUS GROUP LTD LLC AND THE NEIMAN MARCUS GROUP LLC'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT**<br><br>**[28 U.S.C. §§ 1332((b), 1332(d) 1441(b) AND 1446]** |

**TO THE CLERK OF THE ABOVE ENTITLED COURT:**

PLEASE TAKE NOTICE THAT Defendants The Neiman Marcus Group LLC and Neiman Marcus Group LTD LLC (collectively, "Defendants") hereby remove this matter to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. §§ 1332(d), 1441(b), and 1446. The grounds for removal are as follows:

**Compliance with Statutory Requirements**

1. On or about December 5, 2017, Plaintiffs Ondrea Roces and Sophia Ahmed, individually and on behalf of themselves and all others similarly situated ("Plaintiffs"), filed a Class Action Complaint ("Complaint") in the Superior Court of the State of California for the County of San Francisco, Case No. CGC-17-562858, captioned *Ondrea Roces and Sophia Ahmed, on behalf of themselves and all others similarly situated, Plaintiffs, vs. The Neiman Marcus Group, LTD, LLC; and The Neiman Marcus Group LLC, Defendants*.

2. In the Complaint, Plaintiffs assert claims for (a) Failure to Pay Minimum and Hourly Wages; (b) Failure to Pay Wages at the Designated Rate; (c) Recordkeeping and Wage Statement Violations; (d) Failure to Timely Pay Wages on Discharge; (e) Violations of the Unfair Competition Law; and (f) Private Attorneys' General Act of 2004, Labor Code 2698 *et seq*.

3. Plaintiffs bring the action "on behalf of themselves and all similarly situated current and former Sales Associates who worked for Neiman Marcus in California." Complaint at ¶ 9.

4. Plaintiffs seek to certify a class comprised as follows: "all Sales Associates who were paid on a commission-only basis and who have worked for Neiman Marcus anywhere in California on or after four years before the filing of the original complaint." *Id*. at ¶ 40.

5. Plaintiffs served Defendants on December 11, 2017. Defendants' removal of this action is timely because Defendant is removing this matter within 30 days of completion of service of the Complaint. *See* 28 U.S.C. § 1446(b).

6. In accordance with 28 U.S.C. § 1446(a), attached hereto as Exhibit A are true and correct copies of all process, pleadings, and orders served on Defendants in this action, including Plaintiffs' Summons and Complaint. Attached hereto as Exhibit B is a true and correct copy of

Defendants' Answer to the Complaint, filed in the California Superior Court, county of San Francisco on January 9, 2018.

7. Pursuant to 28 U.S.C. § 1446(d), Defendants promptly will provide written notice of removal of the Action to Plaintiffs, and promptly will file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, County of San Francisco.

**Intradistrict Assignment**

8. Plaintiff filed this case in the Superior Court of California, County of San Francisco; therefore, this case may properly be removed to the San Francisco Division of the Northern District of California. 28 U.S.C. § 1441(a); Civil L. R. 3-2(c), (e), 3-5(b).

**Jurisdiction – CAFA Jurisdiction**

9. This Court has original jurisdiction over this matter under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2). Under CAFA, a claim is removable if the putative class has more than 100 members, the parties are minimally diverse, and the amount in controversy exceeds $5 million. All three requirements are satisfied in this case.

<u>Plaintiffs and Defendants are Citizens of Different States</u>

10. In this matter, diversity of citizenship exists because Defendants are citizens of different states than at least one proposed class member. *See* 28 U.S.C. § 1332(d)(2). Specifically, Defendants are both Delaware limited liability companies with their principal place of business in Texas. Declaration of John Marazio ("Marazio Decl.") ¶¶ 2-3. *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77 (2010).

11. Each of the named Plaintiffs is a citizen of California. Complaint at ¶¶ 15, 19. Moreover, Plaintiffs seek to represent "current and former Sales Associates who worked for Neiman Marcus in California." *Id.* at ¶ 9. Accordingly, the first requirement is established.

<u>Plaintiff Alleges a Class of More than 100 Members</u>

12. Plaintiffs' Complaint alleges that "Neiman Marcus has employed at least 100 persons who satisfy the definition of the California Class" Compl. ¶ 41; *see also* Marazio Decl. ¶ 4. Accordingly, the second requirement is established.

The Amount in Controversy Exceeds $5,000,000

13. Though Defendant concedes neither liability on Plaintiffs' claims nor the propriety or breadth of any class (or representative action) as alleged by Plaintiffs, the Complaint places in controversy a sum greater than $5,000,000. *See* Complaint; 28 U.S.C. § 1332(d). Plaintiffs seek unpaid minimum and hourly wages, unpaid earnings for hourly work at the designated rate, wage statement penalties, waiting time penalties, restitution, civil penalties, costs and attorneys' fees on behalf of each named plaintiff and each of the purported class members. Compl. at ¶¶ 56, 63, 68, 73, 81, 89, and Prayer for Relief. The aggregate amount in controversy based on these claims and Plaintiffs' allegations far exceeds $5,000,000 for the reasons stated below.[1]

14. Specifically, the amount in controversy in this matter on only the first, third and fourth causes of action for minimum wages, inaccurate wage statements, and waiting time penalties exceeds $5,000,000, and it is therefore unnecessary to address the amount placed in controversy by Plaintiffs' other class claims asserted in the Complaint. This sum is based on the following calculations, which are set forth in greater detail below:

| Claim | Calculation | Amount in Controversy |
|---|---|---|
| Failure to Pay Minimum Wages (first cause of action): | $ Σ ($9.00 x 1 hour x weeks worked in the class period per employee) multiplied by 2 (pursuant to claim for liquidated damages) | $ 2,163,564 |
| Alleged Inaccurate Wage Statements (third cause of action): | $ Σ (50 x 1 + 100 x one less than the number of pay periods in class period worked by the employee) | $ 1,383,150 |
| Waiting Time Penalties (fourth cause of action): | $ Σ (average hourly rate of each individual that separated from Defendant during the relevant period x 8 hours per day x 30 days) | $ 2,335,797 |
| Attorneys' Fees | 0.25 x $ 5,882,511 | $ 1,470,628 |
| **Total:** | | $ 7,353,139 |

---

[1] In establishing the amount in controversy for purposes of removal, Defendants do not concede or acknowledge in any way that the allegations in Plaintiffs' Complaint are accurate or that Plaintiffs or any proposed class member are entitled to any amount under any claim or cause of action. Nor do Defendants concede or acknowledge that any class or subclass may be certified, whether as alleged or otherwise, or that any or all of its current or former employees are entitled to any recovery in this case, or are appropriately included in the putative class.

15. Plaintiffs seek certification on behalf of "all Sales Associates who were paid on a commission-only basis and who have worked for Neiman Marcus anywhere in California on or after four years before the filing of the original complaint." Compl. at ¶ 40.

16. <u>First Claim for Relief: Failure to Pay Minimum and Hourly Wages for Alleged "Non-Sell Tasks"</u>: Plaintiffs allege that putative class members were not compensated for all time worked because they were not separately compensated for time spent on activities that are "non-sales-commission-generating." Compl. at ¶ 3. Plaintiffs allege that "Non-Sell Periods regularly amounted to multiple hours of work per week." *Id.* at ¶ 3. Plaintiff Roces states that she "regularly performed Non-Sell Tasks for which she was not paid an hourly wage." *Id.* at ¶ 17. Plaintiff Roces further states that "during the week of September 21 through September 27, 2015, [she] worked approximately 4-5.5 hours of work performing Non-Sell Tasks for which she was not compensated." *Id.* Likewise, Plaintiff Ahmed states that she "regularly performed Non-Sell Tasks for which she was not paid an hourly wage." *Id.* at ¶ 21. Plaintiff Ahmed further states that "during the week of September 21 through September 27, 2015, [she] worked approximately 4.5 hours of work performing Non-Sell Tasks for which she was not compensated." *Id.* Given the allegations of a regular practice of failing to compensate for all time worked, the amount in controversy for failure to pay all wages owed is at least $ 1,081,782.[2] Plaintiffs also seek liquidated damages for failure to pay minimum wages in this claim. Compl. at p. 10 (First Cause of Action, citing California Labor Code §§ 1194, 1194.2) and Prayer for Relief ¶ E. Accordingly, the amount in controversy on the this claim is doubled, totaling $ 2,163,564.

17. This figure is conservative for at least four reasons. First, the average applicable minimum wage is likely higher than $9.00 per hour during the class period, based on state law and city ordinances. Second, this calculation assumes only one hour of uncompensated work per

---

[2] The amount in controversy on the claim for failure to pay all wages is calculated as follows: the summation of a $9.00 average minimum wage over the class period x 1 hour of uncompensated work per week x number of weeks worked in the class period for each individual employed as a commission-only sales associate from December 5, 2013 to December 31, 2017. Marazio Decl. at ¶ 6.

employee per week.  As stated above and in the Complaint, the allegations regarding "Non-Sell" activities are much broader.  Defendants could properly assume that putative class members spent more than one hour per week on "Non-Sell" activities.  *See Muniz v. Pilot Travel Centers LLC*, No. CIV. S-07-0325FCDEFB, 2007 WL 1302504, at *4 (E.D. Cal. May 1, 2007) ("Plaintiff[s] [are] the 'master of [their] claim[s],' and if [they] wanted to avoid removal, [they] could have alleged facts specific to [their] claims which would narrow the scope of the putative class or the damages sought.") (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)).  Third, Plaintiffs assert that they "entitled to recover their individual hourly rates, or in the alternative, the applicable minimum wage" on this claim.  Compl. at ¶ 56.  Using the average hourly rates of the sales associates would further increase the amount in controversy on this claim.  Marazio Decl. at ¶ 6.  Fourth, the data used to calculate the amount in controversy excludes sales associates who were paid on a commission-only basis during part of the class period but are not currently paid on a commission-only basis and likewise excludes putative class members who previously worked in California but do not currently work in California.  *Id.* at ¶ 5.

18.  Third Claim for Relief:  Failure to Provide Accurate Written Wage Statements:  Plaintiffs also seek statutory penalties pursuant to Labor Code Section 226(e) based on Defendants' alleged failure to provide Plaintiffs and members of the putative class with accurate itemized wage statements.  Compl. at ¶¶ 65-68.  Plaintiffs allege that, "Neiman Marcus knowingly and intentionally failed to provide timely, accurate, itemized wage statements including, inter alia, all hours worked, to Plaintiffs and the California Class members in accordance with California Wage Order No. 4-2001 and California Labor Code § 226(a)." *Id.* at ¶ 66.  Plaintiffs and members of the putative class seek penalties under California Labor Code section 226(e)  "including the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period." *Id.* at ¶ 68.  Given the allegations of consistent inaccuracies in the wage statements and failure to pay all wages owed, the amount in controversy

for this claim is $ 1,383,150.[3] See *Franke v. Anderson Merchandisers LLC*, No. CV173241DSFAFMX, 2017 WL 3224656, at *2 (C.D. Cal. July 28, 2017). This calculation is conservative because the data used to calculate the amount in controversy excludes sales associates who were paid on a commission-only basis during part of the class period but are not currently paid on a commission-only basis and likewise excludes putative class members who previously worked in California but do not currently work in California or did not work in California at the time they separated from employment. Marazio Decl. at ¶ 5.

19. <u>Fourth Claim for Relief: Failure to Timely Pay All Final Wages:</u> Plaintiffs also seek statutory penalties pursuant to Labor Code § 203 based on Defendants' alleged failure to pay Plaintiffs and members of the putative class and/or subclasses all final wages in accordance with Labor Code §§ 201 and 202. Compl. at ¶¶ 69-73. Plaintiffs allege that "Plaintiffs and the California Class who ceased employment with Neiman Marcus are entitled to unpaid hourly compensation, but to date have not received such compensation." *Id.* at ¶ 71. Plaintiffs further allege that "[m]ore than 30 days have passed since Plaintiffs and certain California Class Members have left Neiman Marcus's employ . . . ." *Id.* at ¶ 72. Plaintiffs and members of the putative class seek "thirty days' wages under California Labor Code § 203, together with interest thereon and attorneys' fees and costs." *Id.* at ¶ 73. Given the broad allegations of the Complaint, including the claim for failure to pay wages for alleged "Non-Sell Tasks," the amount placed in controversy by Plaintiffs' claim for waiting time penalties is $ 2,335,797.[4] See *Gomez v. Michaels Stores, Inc.*, No. EDCV152328JGBDTBX, 2016 WL 738196, at *3 (C.D. Cal. Feb. 22, 2016). This calculation is conservative because the data used to calculate the amount in controversy excludes sales associates that were paid on a commission-only basis during part of

---

[3] The amount in controversy on the inaccurate wage statement claim is calculated as follows: summation of the following for each putative class member during the relevant period (December 5, 2016 to December 31, 2017): one less than the number of wage statements received during the class period, multiplied by $100, plus an additional $50 (for the first wage statement) = $ 1,383,150. Marazio Decl. at ¶ 7.

[4] The amount in controversy on the waiting time penalties claim is calculated as follows: the summation of the individual average hourly rate of each former employee that separated their employment during the relevant period (December 5, 2014 through December 5, 2017) x 8 hours per day x 30 days = $ 2,335,797. Marazio Decl. at ¶ 8.

the class period but are not currently paid on a commission-only basis and likewise excludes putative class members who previously worked in California but do not currently work in California or did not work in California at the time of their separation from employment. Marazio Decl. at ¶ 5. This calculation is further conservative because it does not include former sales associates who had not established an average hourly rate at the time of their separation from employment. Marazio Decl. at ¶ 8.

20. Plaintiffs also seek attorneys' fees. *E.g.*, Complaint at ¶¶ 57, 64, 73, and Prayer for Relief. In the Ninth Circuit, attorney's fees at the rate of 25 percent of the amount recovered are routinely awarded. *Barcia v. Contain–AWay, Inc.*, 2009 WL 587844, at *5 (S.D. Cal. Mar. 6, 2009) (in wage and hour cases, "'[t]wenty-five percent is considered a benchmark for attorneys' fees in common fund cases.'") (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998)). Accordingly, attorneys' fees are properly included in the amount in controversy. *See, e.g.*, *Salcido v. Evolution Fresh, Inc.*, No. 214CV09223SVWPLA, 2016 WL 79381, at *8 (C.D. Cal. Jan. 6, 2016) (approving use of 25% of amount in controversy for attorneys' fees calculation on removal); *Dittmar v. Costco Wholesale Corp.*, No. 14-CV-1156-LAB-JLB, 2015 WL 7106636, at *5 (S.D. Cal. Nov. 13, 2015) (same). The amount of attorneys' fees put in controversy by the Complaint is at least $ 1,470,628 (0.25 * $ 5,882,511). Adding these attorneys' fees to the previously established amount yields more than $ 7.3 million in controversy.

21. The amount in controversy calculation does not include amounts put in controversy for the claim for failure to pay wages at the designated rate (second cause of action) and additional damages and penalties under the first and third causes of action. This dispute plainly exceeds the minimum amount-in-controversy requirement for jurisdiction pursuant to CAFA.

WHEREFORE, the above-titled Action is hereby removed to this Court from the Superior Court of the State of California, County of San Francisco.

Dated: January 10, 2018

JONES DAY

By: */s/ Aaron L. Agenbroad*
Aaron L. Agenbroad
Cindi L. Ritchey
Koree Blyleven

Attorneys for Defendant
THE NEIMAN MARCUS GROUP LLC and
NEIMAN MARCUS GROUP LTD LLC

NAI-1503312690v4